UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| Kenneth A. Roiger, | File No. 18-cv-00591 (ECT/TNL) |
|---|---|
| Plaintiff, | |
| v. | |
| Veterans Affairs Health Care System; Robert Wilke, Director, Department of Veterans Affairs; Patrick Kelly, Director, Veterans Affairs Medical Center Minneapolis; Darwin G. Goodspeed, Acting Director, Veterans Affairs Medical Center Minneapolis; Kent Crossley, Chief of Staff, Veterans Affairs Medical Center Minneapolis; and Jon Power, Privacy Officer, Veterans Affairs Medical Center Minneapolis, | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

---

Graham M. Martin, Trautmann Martin Law PLLC, Minneapolis, MN, for plaintiff Kenneth A. Roiger.

Bahram Samie, Ana Voss, and Erica H. MacDonald, United States Attorney's Office, Minneapolis, MN, for defendants Veterans Affairs Health Care System, Robert Wilke, Patrick Kelly, Darwin G. Goodspeed, Kent Crossley, and Jon Power.

---

Plaintiff Kenneth A. Roiger ("Roiger") worked for the Department of Veterans Affairs Health Care System ("VA") in Minneapolis from July 2002 until September 2008, when his employment was terminated. Roiger has several grievances concerning his VA employment and his ultimate termination, and he asserts three claims against Defendants in this case. First, Roiger brings a Federal Tort Claims Act ("FTCA") claim, alleging he

was wrongfully terminated because his termination was "without basis." Second, Roiger says his termination violated the federal Rehabilitation Act because it was based on his disability. Third, Roiger alleges that his termination—and perhaps other adverse employment activities predating his termination—violated the Rehabilitation Act because they occurred in retaliation for complaints Roiger made to his union. Defendants seek dismissal of all three claims under Federal Rule of Civil Procedure ("Rule") 12(b)(1). Essentially, Defendants contend Roiger failed to commence or exhaust necessary administrative procedures with respect to each claim and those failures deprive the Court of subject-matter jurisdiction to adjudicate his claims. Defendants alternatively seek dismissal of Roiger's third claim (for retaliation) pursuant to Rule 12(b)(6) on the ground that Roiger fails to plead facts to establish an essential element of this claim.

Depending on the claim asserted, a plaintiff's failure to exhaust administrative remedies may establish either a bar to federal-court jurisdiction or an affirmative defense. If it is the former, then the plaintiff bears the burden to plead and prove exhaustion; if the latter, the defendant bears that burden. The Eighth Circuit has made clear that a failure to exhaust administrative remedies with respect to claims brought under the FTCA is jurisdictional, but that a failure to exhaust with respect to claims under the Rehabilitation Act is an affirmative defense and is not jurisdictional. Here, Roiger failed to—and it appears he cannot—plead that he exhausted administrative remedies with respect to his FTCA claim. That claim therefore must be dismissed for lack of subject-matter jurisdiction.

Defendants' motion to dismiss Roiger's Rehabilitation-Act claims should not have been brought under Rule 12(b)(1) because Roiger's alleged failure to exhaust is not a jurisdictional defect with respect to these claims. For practical reasons benefitting all the Parties, however, Defendants' motion to dismiss these claims should be understood as having been brought pursuant to Rule 12(b)(6). With respect to this issue Defendants have produced evidence showing that Roiger did not exhaust administrative remedies. Because Defendants' evidence is outside the pleadings, it cannot be considered without treating the motion as one for summary judgment, and because that step makes both legal and practical sense, the better procedure is to afford Roiger further opportunity to respond and to submit his own evidence. A decision on Defendants' motion to dismiss Roiger's Rehabilitation-Act claims will occur after Roiger has filed his response.

I

Roiger is a veteran of the armed forces. Second Am. Compl. ¶ 10 [ECF No. 15]. He began working at the Minneapolis VA in July 2002. *Id.* ¶ 11. Roiger alleges that he worked in four areas during his VA employment. "He began in the file room, and nine months later was promoted to Release of Information." *Id.* He was reassigned to the Urgent Care Department in the fall of 2004. *Id.* ¶ 12. At some point during the summer of 2008, Roiger was transferred to work in the file room of the Radiology Department. *Id.* ¶¶ 28–29.

Roiger alleges several complaints regarding his VA employment. In December 2004, Roiger "was given a Last Chance Agreement" that was not supposed to last for more than one year. *Id.* ¶ 13. According to Roiger, if he made it twelve months without further

incident, then the misconduct giving rise to the Last Chance Agreement could no longer form the basis for a termination of his employment, and allegations subsequent to the expiration of the agreement were to be treated as "new and separate actions." *Id.* ¶ 14. Roiger alleges that his supervisors unilaterally extended the duration of the agreement beyond its original expiration date. *Id.* ¶ 16. Roiger also alleges that his title and salary were at the "GS-3" level, but that he was assigned—and expected to meet—job duties corresponding to a "GS-6." *Id.* Roiger asked for a review of his situation and demanded additional "back pay" for working above his pay grade, but his requests were ignored. *Id.* ¶¶ 17–18, 20.

In response to these issues, Roiger contacted his union for help, and he alleges that several adverse actions ensued. *Id.* ¶¶ 17, 22. Roiger alleges that, at the same time he was contacting his union representatives, other VA employees "were improperly accessing [his] medical records." *Id.* ¶ 22. Roiger also alleges that in the summer of 2008, one of his supervisors, "after being informed of [Roiger's] continued contact with his Union representatives," filed a false police report concerning Roiger. *Id.* ¶ 26. According to Roiger, the supervisor improperly accessed his medical records "to provide a basis for his unsubstantiated police report." *Id.* ¶ 27. Roiger further alleges that in August 2008, his supervisor referred him for evaluation by a certified nurse practitioner and a blood-alcohol test, and he says these tests came back negative. *Id.* ¶¶ 29–31.

Since the spring of 2007, in addition to working at the VA, Roiger had been receiving treatment there for alcoholism and other conditions. *Id.* ¶¶ 20–21. In September 2008, one of Roiger's treating physicians placed Roiger on emergency medical leave in

response to an adverse reaction the physician believed Roiger was having to a prescribed medication. *Id.* ¶ 35. While Roiger was home on medical leave, his VA employment was terminated, purportedly because Roiger had tested positive for alcohol use. *Id.* ¶ 36. Roiger denies ever testing positive for alcohol use and alleges that he has not used alcohol or drugs at any time relevant to his claims in this case. *Id.* ¶¶ 55, 58. He also alleges that "Defendants have provided no records of a positive test for alcohol consumption or drug use from the autumn of 2008." *Id.* ¶ 37.

Roiger alleges that he retained counsel to pursue his remedies in early February 2009. *Id.* ¶ 38. In an effort to obtain background documents from the VA, Roiger's counsel filed eleven requests under the Freedom of Information Act ("FOIA") beginning in January 2011 and ending in February 2018. *Id.* ¶ 39. Roiger alleges that defendants were "hiding the ball" in response to some of his counsel's requests and that it was only after making an appeal with the office of then-United States Representative Keith Ellison that responsive information was produced. *Id.* ¶¶ 40–41. Roiger commenced this action in March 2018, more than nine years after he retained counsel to pursue his legal rights in connection with the termination of his VA employment. *See id.* ¶ 38; Compl. [ECF No. 1].

II

A

Roiger asserts his first claim for relief under the FTCA. Second Am. Compl. ¶¶ 43–51 (Count I). Roiger alleges he was wrongfully terminated for "unacceptable performance" in violation of the Civil Service Reform Act ("CSRA"), 5 U.S.C. § 4303, after Defendants concluded that he had tested positive for alcohol use. *Id.* ¶¶ 36, 46. Roiger

5

denies testing positive for alcohol use, however, and asserts that any positive test result was fabricated because he did not use illegal drugs or alcohol during his VA employment. *Id.* ¶¶ 31, 34, 48. Roiger also denies the existence of any other "unresolved unacceptable performance" issues that might have justified his termination. *Id.* ¶ 49. Roiger pleads that his termination was wrongful and caused him "to suffer injury and damages" and alleges that the law permits him to seek recovery under the FTCA. *Id.* ¶ 50; *see id.* ¶¶ 43–51.

The FTCA allows an individual injured by the negligent acts or omissions of a government employee acting within the scope of his or her office or employment to bring a claim against the United States. 28 U.S.C. § 2679(b)(1); *Hinsley v. Standing Rock Child Protective Servs.*, 516 F.3d 668, 671–72 (8th Cir. 2008) (citing 28 U.S.C. § 1346(b)). Before filing suit, "the [injured] claimant . . . [must] first present[] the claim to the appropriate Federal agency" and obtain a "final denial" of that claim by the agency. 28 U.S.C. § 2675(a). This presentment requirement "provides federal agencies a fair opportunity to meaningfully consider, ascertain, adjust, determine, compromise, deny, or settle FTCA claims prior to suit." *Mader v. United States*, 654 F.3d 794, 800–01 (8th Cir. 2011) (en banc) (citation omitted). To provide federal agencies with that "fair opportunity," the claimant must give notice of the underlying incident in writing, with sufficient information for the agency to investigate, and indicate the amount of damages sought. *Id.* at 800, 803–04 (citing 28 C.F.R. § 14.2). Presentment must occur "within two years after such claim accrues." 28 U.S.C. § 2401(b). An FTCA plaintiff bears the burden of pleading and proving complete exhaustion of administrative remedies; without exhaustion according to these requirements, a federal court does not have subject-matter

jurisdiction to consider the claim. *McNeil v. United States*, 508 U.S. 106, 112 (1993) ("The most natural reading of [§ 2675(a)] indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process."); *Barber v. Simpson*, 94 F.3d 648, at *2 (8th Cir. 1996) (per curiam) (citations omitted) (unpublished table decision) (reaffirming that FTCA presentment requirement is jurisdictional); *Bryant v. Dep't of Army*, 553 F. Supp. 2d 1098, 1104 (D. Minn. 2008) ("Presentment of an administrative claim [under the FTCA] is jurisdictional. . . . The plaintiff has the burden of pleading and proving that he has satisfied the presentment requirement." (citing *Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1993))).

Roiger does not allege that he presented any claim to the VA. *See generally* Second Am. Compl. Though it was not their burden, Defendants submitted evidence in support of their motion confirming that Roiger presented no claim. In the declaration of Michael T. Newman, Deputy Chief Counsel for the Torts Law Group, Office of General Counsel, U.S. Department of Veterans Affairs, Newman testifies that he searched a VA database to which "[a]ll new tort claims received by the Office of General Counsel are uploaded" but found no claim filed by Roiger. Newman Decl. ¶¶ 4, 8–9 [ECF No. 26].

In his brief in response to Defendants' motion, Roiger does not dispute that he presented no claim to the VA. *See* Pl.'s Mem. in Opp'n at 6–8 [ECF No. 28]. He seems to argue that it would be appropriate nonetheless for his FTCA claim to proceed. *See id.* at 15–17. Roiger says that he "was in continuous contact with the VA and other federal offices and agencies from the time he was terminated until the time he started this suit." *Id.* at 16. Accepting the truth of this assertion, Roiger does not describe when or how his

7

contact with the VA included a presentation of his wrongful-termination claim in such a way as to provide the VA with a "fair opportunity to meaningfully consider, ascertain, adjust, determine, compromise, deny, or settle [Roiger's] FTCA claim[] prior to suit." *Mader*, 654 F.3d at 801 (citation omitted). By his own account, Roiger's contacts with the VA were limited to requesting information from the VA. *See* Second Am. Compl. ¶¶ 38–41; Roiger Decl. ¶¶ 5–10 [ECF No. 29]. Though Roiger alleges in his declaration that he "submitted a written claim to [the] VA on January 14, 2015," the document Roiger cites as evidencing this claim submission is a "final agency decision" regarding a FOIA request for records. Roiger Decl. ¶ 7, Ex. D. Requesting information from the VA under FOIA is not the same thing as presenting a claim to the VA in compliance with the FTCA, and Roiger cites no authority that might permit a finding that his contacts—whether each is considered separately, or all are considered together—substantially complied with the FTCA's presentment requirement.

Roiger also argues that he should have an opportunity in this case to pursue discovery to establish subject-matter jurisdiction. Pl.'s Mem. in Opp'n at 11, 18. The problem with this request is that evidence establishing the jurisdictional prerequisite—the presentment of a claim—is something Roiger already should have. This is not a situation where a plaintiff lacks access to information that may be probative of subject-matter jurisdiction. Roiger's FTCA claim must be dismissed for lack of subject-matter jurisdiction.[1]

---

[1] Defendants point out correctly that the only proper defendant in an FTCA claim is the United States. Defs.' Mem. in Supp. at 6 n.1 [ECF No. 24]; *see Olson v. U.S. Postal*

Ordinarily, a dismissal for lack of subject-matter jurisdiction is without prejudice. *See Hart v. United States*, 630 F.3d 1085, 1091 (8th Cir. 2011) (collecting cases); *see also Erickson v. U.S. Post Office*, 250 F. App'x 757, 758 (8th Cir. 2007) (per curiam) (unpublished table decision) (modifying dismissal to be without prejudice because Article III of the United States Constitution "deprives federal courts of power to dismiss [a] case with prejudice where subject matter jurisdiction does not exist" (citing *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123–24 (2d Cir. 1999))). "[A] court that lacks personal or subject-matter jurisdiction does not have power to enter *any* kind of a judgment—summary or otherwise." *Pope v. Elabo GmbH*, 588 F. Supp. 2d 1008, 1012 (D. Minn. 2008) (citing 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil* § 2713 at 239 (3d ed. 1998) ("If the court has no jurisdiction, it has no power to enter a judgment on the merits and must dismiss the action.")). "That is why a dismissal for lack of personal or subject-matter jurisdiction is always without prejudice; such a dismissal implies nothing about the merits of the dismissed claims because the court is not empowered to address the merits of the dispute." *Pope*, 588 F. Supp. 2d at 1012.

Defendants argue that Roiger's FTCA claim should be dismissed with prejudice because "corrective action would be futile." Defs.' Mem. in Supp. at 7 [ECF No. 24]. Presumably, Defendants mean to say there is no way Roiger can cure his failure to comply

---

*Serv.*, No. 14-cv-3213 (JNE/BRT), 2015 WL 4488438, at *2 n.2 (D. Minn. July 23, 2015) (citation omitted). As a practical matter, because Roiger's FTCA claim is being dismissed due to the absence of subject-matter jurisdiction, there is no need to order the United States substituted as the defendant for Roiger's FTCA claim.

with the FTCA's presentment requirement or amend his complaint so as to establish subject-matter jurisdiction with respect to this claim. In support of this argument that dismissal of Roiger's FTCA claim should be with prejudice, Defendants cite four cases. The first two cases, cited as direct support, are *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006), and *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 557–58 (8th Cir. 2006). Defs.' Mem. in Supp. at 7. Neither case addresses whether a dismissal for lack of subject-matter jurisdiction may be with prejudice. In *Marmo*, the Eighth Circuit affirmed a final judgment entered on a jury verdict in a personal-injury case pursued under Nebraska law. 457 F.3d at 753–55, 764. The case addresses no subject-matter jurisdiction issue. In *Joshi*, the court affirmed the dismissal of a complaint asserting claims under the False Claims Act because it failed to comply with the particularity-in-pleading requirement of Rule 9(b). 441 F.3d at 554–55, 561. It is true that the Eighth Circuit in both cases reviewed orders denying leave to amend complaints on the ground of futility, *Marmo*, 457 F.3d at 755–56; *Joshi*, 441 F.3d at 557–59, but answering that question says nothing about whether a dismissal for want of subject-matter jurisdiction may be with prejudice. Put another way, the futility of pleading subject-matter jurisdiction does not justify a with-prejudice dismissal.

The next two cases Defendants cite are *Elgin v. Dep't of Treasury*, 567 U.S. 1 (2012), and *United States v. Fausto*, 484 U.S. 439 (1988). Defs.' Mem. in Supp. at 7. Defendants cite both cases for the proposition that "compliance with the administrative requirements of the FTCA would be futile because the Civil Service Remedies [sic] Act ('CSRA') provides the exclusive and comprehensive remedy for an alleged wrongful

termination." *Id.* Accepting the accuracy of Defendants' characterization of these two cases, they would support an argument that the CSRA may preclude Roiger's FTCA claim even if there were subject-matter jurisdiction over the FTCA claim (that is, if Roiger had alleged compliance with the presentment requirement). *See Holland v. U.S. Dep't of Veterans Affairs*, No.14-cv-2441 (MJD/BRT), 2015 WL 3450181, at *4 (D. Minn. May 29, 2015) ("This [CSRA] review and appeal process is a terminated federal employee's sole remedy for alleged wrongful termination." (citation omitted)), *aff'd*, 637 F. App'x 263 (8th Cir. 2016). But the absence of subject-matter jurisdiction over Roiger's FTCA claim precludes analysis of that question, and neither *Elgin* nor *Fausto* say anything that might be construed to endorse the dismissal of a claim for want of subject-matter jurisdiction with prejudice. The dismissal of Roiger's FTCA claim must be without prejudice.

B

Roiger asserts two claims under the Rehabilitation Act. Roiger first alleges that he "is a diagnosed alcoholic, qualifying him as an individual with a disability," and that his VA employment was terminated "because of his disability." Second Am. Compl. ¶¶ 53, 58 (Count II). Second, Roiger alleges that Defendants retaliated against him "[i]n direct response to [his] complaints to the Union," and that "[a]ll Defendants' retaliatory responses to Plaintiff's Union contact were in one way or another connected to or premised on Plaintiff's alcoholism diagnosis." *Id.* ¶¶ 67–68 (Count III).

Before filing a federal lawsuit alleging a violation of the Rehabilitation Act, a plaintiff must exhaust administrative remedies by filing a charge with the Equal

11

Employment Opportunity Commission ("EEOC"). *Henke v. Allina Health Sys.*, 698 F. Supp. 2d 1115, 1123 (D. Minn. 2010) (citing *Ballard v. Rubin*, 284 F.3d 957, 964 n.6 (8th Cir. 2002)); *see also Gardner v. Morris*, 752 F.2d 1271, 1278 (8th Cir. 1985) ("[T]he Rehabilitation Act incorporated by reference the provisions of § 717 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16, . . . [which] requires that the claimant exhaust administrative remedies before filing a . . . discrimination claim in court." (citation omitted)). "Exhaustion of administrative remedies" is required "because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts." *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994) (citing *Patterson v. McLean Credit Union*, 491 U.S. 164, 180–81 (1989)). To exhaust administrative remedies, an individual must: (1) timely file specific charges with the EEOC "setting forth the facts and nature of the charge" and (2) "receive notice of the right to sue." *Williams*, 21 F.2d at 222 (citing 42 U.S.C. § 2000e-5(b)–(c), (e)). If a plaintiff fails to timely file a charge with the EEOC, the federal claim will be deemed administratively unexhausted. *See Henke*, 698 F. Supp. 2d at 1123 (citing *Harlston v. McDonnell Douglas Corp.*, 37 F.3d 379, 382 (8th Cir. 1994)). Unlike the FTCA's presentment requirement, a failure to timely exhaust administrative remedies is not a jurisdictional bar to a claim under the Rehabilitation Act but operates instead like a statute of limitations, *Ballard*, 284 F.3d at 964, n.6 (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)), and the defendant bears the burden of proving the defense, *Ballard*, 284 F.3d at 964 n.6 (quoting *Young v. Nat'l Ctr. for Health Servs. Research*,

828 F.2d 235, 238 (4th Cir. 1987)). *See also Batchelder v. I.N.S.*, 180 F. App'x 614, at *1 (8th Cir. 2006) (per curiam) (unpublished table opinion) (noting that exhaustion under the Rehabilitation Act is not a jurisdictional prerequisite and is subject to waiver, estoppel, and equitable tolling).

Defendants assert that Roiger failed to exhaust his administrative remedies under the Rehabilitation Act and that, "[a]s a result, this Court lacks subject matter jurisdiction over [these claims]." Defs.' Mem. in Supp. at 11; *see* Defs.' Reply Mem. at 4 ("[T]he Court should apply the 12(b)(1) standard to Defendants [sic] motion to dismiss for failure to administratively exhaust his FTCA and Rehabilitation Act claims.") [ECF No. 30]. As just explained, the Eighth Circuit has made clear that a failure to exhaust administrative remedies with respect to a Rehabilitation Act claim is not jurisdictional. It is not, then, the appropriate subject of a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1).[2]

Though Defendants sought dismissal with respect to the exhaustion issue only under Rule 12(b)(1), it certainly would seem to serve the Parties' shared interests in the efficient

---

[2] In their reply brief, Defendants cite *Lawrence v. Donley*, No. 5:12-cv-397, 2013 WL 1955690, at *1–2 (N.D. Fla. May 10, 2013), for the proposition that a failure to exhaust administrative remedies with respect to a claim under the Rehabilitation Act is jurisdictional. Defs.' Reply Mem. at 4. In *Lawrence*, the court cited an Eleventh Circuit case, *Crawford v. Babbitt*, 186 F.3d 1322, 1326 (11th Cir. 1999), to support the conclusion that "[a] federal employee must pursue and exhaust her administrative remedies as a jurisdictional prerequisite to filing a Title VII action." *Lawrence*, 2013 WL 1955690, at *1. Eleventh Circuit authorities cannot trump binding Eighth Circuit cases saying that the exhaustion requirement here is not jurisdictional. And even if Eleventh Circuit authorities were relevant, there is doubt about this issue in the Eleventh Circuit:

13

> [A] conflict exists within this Circuit regarding whether the exhaustion requirement in a discrimination case involving a federal employee is jurisdictional or a condition precedent. *Compare Fouche v. Jekyll Island–State Park Auth.*, 713 F.2d 1518, 1525 (11th Cir. 1983) (noting that "all Title VII procedural requirements to suit are henceforth to be viewed as conditions precedent to suit rather than as jurisdictional requirements"), *with Crawford v. Babbitt*, 186 F.3d 1322, 1326 (11th Cir. 1999) ("[a] federal employee must pursue and exhaust her administrative remedies as a *jurisdictional prerequisite*" (emphasis added)) *and Chanda v. Englehard/ICC*, 234 F.3d 1219, 1225 (11th Cir. 2000) ("The filing of an administrative complaint with the EEOC is ordinarily a jurisdictional prerequisite to a Title VII action."). The line of cases concluding that exhaustion is a condition precedent and not a jurisdictional requirement began in the days of the former Fifth Circuit. *See Jackson v. Seaboard Coast Line R. Co.*, 678 F.2d 992, 1007 (11th Cir. 1982) (citations omitted). In *Jackson*, the Eleventh Circuit reaffirmed its view that exhaustion constitutes a condition precedent, as opposed to a jurisdictional requirement, based in part on *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). *See id.* at 1003–1010. When an irreconcilable conflict exists between panel opinions of this Circuit, "the earliest panel opinion resolving the issue in question binds this circuit until the court resolves the issue en banc." *United States v. Dailey*, 24 F.3d 1323, 1327 (11th Cir. 1994) (citation and quotation marks omitted). Thus, this Court concludes that exhaustion is a condition precedent.

*Steinberg v. Donahoe*, No. 13-61617-CIV, 2014 WL 1356711, at *6 n.8 (S.D. Fla. Apr. 7, 2014). *See also Reed v. Winn Dixie, Inc.*, 677 F. App'x 607, 610 (11th Cir. 2017) (per curiam) (unpublished table opinion) ("The timely filing of an EEOC charge is considered a condition precedent for bringing a civil action alleging employment discrimination. . . . So the time limitation is not a jurisdictional prerequisite to suit, but a requirement that is subject to waiver, estoppel, or equitable tolling." (citing *Jackson v. Seaboard Coast Line R. Co.*, 678 F.2d 992, 1006–07, 1009–10 (11th Cir. 1982))); *Okwen v. Am. Mar. Officers Plans*, No. 15-60370, 2015 WL 5320882, at *5 (S.D. Fla. Sept. 14, 2015) ("Rather than constituting a jurisdictional p[rere]quisite, this exhaustion requirement is a condition precedent." (citing *Goodridge v. Astrue*, 2008 WL 8691093, at *2 (N.D. Ga. Mar. 20, 2008))).

and just determination of this action to analyze this aspect of Defendants' motion under Rule 12(b)(6). No doubt a denial of Defendants' motion on the sole basis that it was brought improperly under Rule 12(b)(1) would prompt Defendants eventually to file another motion supported by the same evidence and substantially the same legal arguments already before the Court. That would be wasteful. *See* Fed. R. Civ. P. 1. In addition to providing the proper ground and procedure for Defendants to seek dismissal of Roiger's Rehabilitation-Act claims on the basis of his failure to exhaust administrative remedies, analyzing Defendants' motion as one brought under Rule 12(b)(6) also opens up the possibility of treating the motion as one for summary judgment. *See* Fed. R. Civ. P. 12(d). As will be explained, taking that step also makes good practical sense here.

In some circumstances, a complaint may be dismissed for failure to state a claim under Rule 12(b)(6) based on an affirmative defense. Why this is so requires some explanation. Recall that an exhaustion defense under the Rehabilitation Act operates like a statute of limitations. *Ballard*, 284 F.3d at 964, n.6. It follows that exhaustion—like a statute of limitations—is an affirmative defense that defendants bear the burden to plead and prove. *See John R. Sand & Gravel Co. v. United States,* 552 U.S. 130, 133 (2008) (citations omitted). A statute of limitations defense is not ordinarily a ground for dismissal under Rule 12(b)(6), "unless the complaint itself establishes the defense." *Jessie v. Potter,* 516 F.3d 709, 713 n.2 (8th Cir. 2008) (citing *Varner v. Peterson Farms,* 371 F.3d 1011, 1017–18 (8th Cir. 2004)). The same holds true for the affirmative defense of exhaustion of administrative remedies: a complaint is subject to dismissal for failure to state a claim when "the allegations in the complaint suffice to establish that ground"—that is, when an

affirmative defense is established on the "face" of the complaint. *Jones v. Bock*, 549 U.S. 199, 215 (2007). As Wright, Miller, and Kane explain in their treatise:

> As the case law makes clear, the complaint also is subject to dismissal under Rule 12(b)(6) when its allegations indicate the existence of an affirmative defense that will bar the award of any remedy; but for this to occur, the applicability of the defense has to be clearly indicated and must appear on the face of the pleading to be used as the basis for the motion. . . . [I]n addition to the claim[,] the contents of the complaint include[] matters of avoidance that effectively vitiate the pleader's ability to recover on the claim. . . . [T]he complaint is said to have a built-in defense and is essentially self-defeating. Thus, the problem is not that the plaintiff merely has anticipated the defendant's answer and tried to negate a defense he believes his opponent will attempt to use against him; rather, the plaintiff's own allegations show that a defense exists that legally defeats the claim for relief.

5B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil* § 1357 (3d ed. & Nov. 2018 Update) (footnotes omitted).

Here, Roiger's complaint does not "establish" his failure to exhaust administrative remedies with respect to his claims under the Rehabilitation Act. The complaint does not mention exhaustion one way or the other, and it would be incorrect to find the absence of exhaustion from the absence of allegations concerning exhaustion, at least when Roiger had no burden to plead it. Some of the complaint's allegations suggest the availability of the defense. For example, Roiger describes his post-termination communications with Defendants in some detail insofar as he sought copies of his employment records and filed FOIA requests. Second Am. Compl. ¶¶ 38–41. One might reasonably infer that the thoroughness with which Roiger describes these communications implies the absence of other communications, including the filing of a charge with the EEOC. But suggesting an

16

inference does not rise to the level of "establishing" a failure to exhaust. It would, therefore, be inappropriate to dismiss Roiger's complaint on this basis pursuant to Rule 12(b)(6).

At the same time, however, Defendants' fact contention that Roiger did not exhaust administrative remedies with respect to his Rehabilitation-Act claims is based on evidence in the record. In support of their motion, Defendants filed the declaration of the Equal Employment Opportunity Manager for the Minneapolis VA, Valerie J. Klitzke ("Klitzke"). ECF No. 25. In her declaration, Klitzke testifies that "[her] duties include the liaison of all EEO claims made informally and formally against the Minneapolis [VA]." *Id*. ¶ 4. She explains that "EEO claims filed against the Minneapolis [VA] are uploaded into a system called Bi-Launch Pad for local managers to view," and that "[a]ny new claim received by Office of Resolution Management would be uploaded in this system." *Id.* ¶ 5. Klitzke then testifies that she searched this system to determine if Roiger had filed a claim, but "did not locate any such claim." *Id.* ¶ 6. It is true that Klitzke's declaration is a "matter[] outside the pleadings." Fed. R. Civ. P. 12(d). It is evidence tending to establish the truth of an affirmative defense, and it is not among the categories of documents embraced by the pleadings. In this situation, considering the declaration as part of Defendants' motion to dismiss requires treating the motion as one for summary judgment and giving "[a]ll parties . . . a reasonable opportunity to present all the material that is pertinent to the motion." *Id.*

It is at least arguable that Roiger already has had a sufficient opportunity to respond and to present all pertinent material. Defendants filed the Klitzke declaration with, and

cited to it in, their opening brief. Defs.' Mem. in Supp. at 2, 11. Roiger acknowledged the possibility of considering the declaration as part of Defendants' motion and converting the motion to one for summary judgment. Pl.'s Mem. in Opp'n at 2, 9, 12–14. Roiger nonetheless did not dispute the substance of Klitzke's testimony in his opposition brief. Though he submitted a declaration accompanied by more than twenty pages of exhibits describing several matters including his history of FOIA requests, Roiger neither submitted nor suggested the existence of evidence tending to show that he submitted a charge to the EEOC and exhausted administrative remedies with respect to his Rehabilitation-Act claims. *See* Roiger Decl. This is evidence Roiger should have, and it seems reasonable to conclude that the three weeks between the filing of Defendants' opening brief and the filing of Roiger's brief were adequate time for Roiger to locate and present material pertinent to this issue. *Cf.* Pl.'s Mem. in Opp'n at 13 (acknowledging that "Plaintiff has arguably had time to collect information relevant to this suit during the past decade"). The fact that Roiger had the opportunity to present additional arguments at a hearing on the motion reinforces this conclusion. Regardless, because the legal and factual issues regarding Roiger's Rehabilitation-Act claims have been further clarified, and because it will not add meaningful delay, it is preferable to provide Roiger with one more opportunity to present material pertinent to the motion.[3]

---

[3] Defendants moved alternatively for dismissal of Roiger's claim for retaliation under the Rehabilitation Act (Count III) on the ground that Roiger fails to plead facts establishing an essential element of the claim—namely, that he engaged in statutorily protected activity. Defs.' Mem. in Supp. at 11–12 (citing *Thomas v. Corwin*, 483 F.3d 516, 530 (8th Cir. 2007)). This alternative argument will be addressed, if necessary, following a decision

18

# ORDER

Based upon all of the files, records, and proceedings in the above-captioned matter,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's claim alleging wrongful termination under the Federal Tort Claims Act (Count I) is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

2. With respect to Plaintiff's claims under the Rehabilitation Act (Counts II–III), **IT IS HEREBY ORDERED** that:

   a. Defendants' motion to dismiss [ECF No. 21] will be treated as one for summary judgment under Rule 56;

   b. Plaintiff shall present and file all the material not already on file, if any, that he deems pertinent to that motion on or before March 1, 2019; and

   c. A decision will be made on the remainder of Defendants' motion to dismiss [ECF No. 21] following Plaintiff's filing of those materials.

Dated: February 12, 2019
        s/ Eric C. Tostrud
        Eric C. Tostrud
        United States District Court

---

regarding the question of whether Roiger exhausted administrative remedies with respect to his Rehabilitation-Act claims. So too with Defendants' contention that the only proper defendant for these Rehabilitation-Act claims is Robert Wilkie, Secretary of Veterans Affairs. Defs.' Mem. in Supp. at 10 n.3 (citing 42 U.S.C. § 2000e-16(c); *Johnson v. U.S. Postal Serv.*, 861 F.2d 1475, 1478 (10th Cir. 1988)).