UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Kenneth A. Roiger,

    Plaintiff,

v.

Veterans Affairs Health Care System;
Robert Wilke, Director, Department of
Veterans Affairs;
Patrick Kelly, Director, Veterans Affairs
Medical Center Minneapolis;
Darwin G. Goodspeed, Acting Director,
Veterans Affairs Medical Center
Minneapolis;
Kent Crossley, Chief of Staff, Veterans
Affairs Medical Center Minneapolis; and
Jon Power, Privacy Officer, Veterans
Affairs Medical Center Minneapolis,

    Defendants.

File No. 18-cv-00591 (ECT/TNL)

**OPINION AND ORDER**

---

Graham M. Martin, Trautmann Martin Law PLLC, Minneapolis, MN, for plaintiff Kenneth A. Roiger.

Bahram Samie, Ana Voss, and Erica H. MacDonald, United States Attorney's Office, Minneapolis, MN, for defendants Veterans Affairs Health Care System, Robert Wilke, Patrick Kelly, Darwin G. Goodspeed, Kent Crossley, and Jon Power.

---

Plaintiff Kenneth A. Roiger claims that the September 2008 termination of his employment with the Department of Veterans Affairs Health Care System ("VA") in Minneapolis violated the Rehabilitation Act, 29 U.S.C. § 701, *et seq.* Roiger acknowledges he failed to exhaust administrative remedies before the Equal Employment Opportunity Commission with respect to his Rehabilitation-Act claims and that this failure ordinarily

would bar him from pursuing these claims. Roiger argues nonetheless that his failure to exhaust should be excused under either the futility or legal question exception to the exhaustion requirement. But the facts and arguments Roiger presents do not establish either exception, warranting the entry of summary judgment on his Rehabilitation-Act claims.

I

A brief recap helps in understanding the procedural posture of this case. Roiger asserted three claims against all Defendants stemming from the September 2008 termination of his employment with the VA—one claim under the Federal Tort Claims Act ("FTCA") and two claims under the Rehabilitation Act. Second Am. Compl. ¶¶ 43–70 [ECF No. 15]. Defendants moved to dismiss all three of Roiger's claims for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) based upon his failure to exhaust administrative remedies. ECF Nos. 21, 24. Defendants' motion was granted as to Roiger's claim under the FTCA because the FTCA's exhaustion requirement is jurisdictional, and Roiger failed to plead that he had exhausted administrative remedies with respect to that claim. *Roiger v. Veterans Affairs Health Care Sys.*, No. 18-cv-591 (ECT/TNL), 2019 WL 572655, at *3–5 (D. Minn. Feb. 12, 2019). Defendants' motion was adjudicated differently with respect to Roiger's two claims under the Rehabilitation Act. Because the Eighth Circuit has said that the requirement to exhaust administrative remedies is not a jurisdictional bar to a claim under the Rehabilitation Act but operates instead like an affirmative defense, *Ballard v. Rubin*, 284 F.3d 957, 964 n.6 (8th Cir. 2002), and to promote the just, speedy, and inexpensive determination of this action, Fed. R. Civ.

P. 1, Defendants' motion was treated as one asserted under Rule 12(b)(6). *Roiger*, 2019 WL 572655, at *7. Then, because Defendants requested consideration of matter outside the pleadings, the motion was treated as one for summary judgment under Rule 56. *Id.* at *8. To ensure Roiger had "a reasonable opportunity to present all the material that is pertinent to the motion," Fed. R. Civ. P. 12(d), Roiger was ordered to "present and file all the material not already on file, if any, that he deems pertinent to" summary judgment. *Roiger*, 2019 WL 572655, at *9. Roiger has since done that, ECF Nos. 33, 34, and Defendants have responded, ECF No. 36. Roiger's supplemental submission shows facts that were not on file initially in opposition to Defendants' motion.

Roiger executed a "last-chance agreement"[1] in late July 2008.[2] Martin Decl. Ex. B [ECF No. 34 at 4–7]. Under the agreement, Roiger accepted a series of conditions in

---

[1]     A last-chance agreement is a contract between an employer and an employee:

> "to suspend disciplinary action pending a probationary period in which the employee is afforded a chance to improve his or her performance." *U.S. Dep't of the Air Force v. Fed. Labor Relations Auth.*, 949 F.2d 475, 477 (D.C. Cir. 1991). "If the employee fails to measure up as promised in a last chance agreement, the [employer] may proceed to administer the discipline earlier suspended," *id.* at 478, without reference to the collective bargaining agreement.

*Coca-Cola Bottling Co. of St. Louis v. Teamsters Local Union No. 688*, 959 F.2d 1438, 1440 (8th Cir. 1992) (alteration in original).

[2]     The effective date of the agreement is not clear. Roiger asserts that the agreement is "dated July 23, 2008," and that may be correct. Martin Decl. ¶ 3 [ECF No. 34]. A header on the agreement's first page is dated "July 18, 2008." Martin Decl. Ex. B at 1 [ECF No. 34]. Spaces for initials and signatures on the agreement's final page seem to show different dates. *Id.* at 4. One space indicates Roiger received the agreement "for review and consideration" on July 23. *Id.* Another indicates Roiger accepted the agreement, and

consideration for retaining his VA employment. *Id.* Some conditions imposed rules on Roiger's workplace conduct. *Id.* at 2 ¶¶ a–h. For example, Roiger agreed "that there will be no examples of inappropriate comments, gestures, or other behaviors that staff members, visitors, or patients, may reasonably find offensive" and "that there will no [sic] physical posturing, glaring, or inappropriate elevation of my voice." *Id.* at 2 ¶¶ d–e. Other conditions waived legal rights. Two paragraphs are noteworthy in this respect:

> i. If I fail to adhere to my part of this contract, I understand that I will be removed from the Federal Service. I agree that I have hereby waived all substantive, statutory and procedural rights to appeal, to include appeals to Merit Systems Protection Board (MSPB), Grievance/Arbitration, and to any appeal outside the Medical Center.
>
> j. I am not presently contemplating any allegations of discrimination against the Department of Veterans Affairs or any of its officials. I hereby agree to waive any right to appeal via the agency EEO process, and to the EEOC, regarding any issue(s) or incident(s) that occurred on or before the date of this agreement.

*Id.* at 3 ¶¶ i–j. The last-chance agreement was to have been effective for two years from the date Roiger signed it. *Id.* at 4. The agreement also was signed by Roiger's union representative and the Medical Center Director of the Minneapolis VA, Steven Kleinglass. *Id.*

Roiger's union, the American Federation of Government Employees Local 1969, submitted a grievance on his behalf on August 21, 2008. Martin Decl. Ex. C [ECF No. 34

---

that its two-year term commenced, on July 29, though the handwriting of this date is not easy to read. *Id.* Regardless, the precise date the last-chance agreement took effect is immaterial to the outcome of this motion. It is enough merely to know that the agreement took effect in late July 2008.

at 8–9]. In his supplemental brief, Roiger says this grievance "included the incident that eventually gave rise to [his] termination." Pl.'s Supp. Mem. at 3 [ECF No. 33]. The grievance alleged that a "former supervisor" of Roiger's violated Roiger's privacy by asking for information explaining why Roiger "was sent to employee health." Martin Decl. Ex. C at 1. The grievance asserted that the former supervisor's inquiry violated Roiger's privacy and the confidentiality of his health information and "exacerbated pre existing conditions" from which Roiger suffered. *Id.* The grievance sought assurances that the VA "cease with this behavior of invading any employee's private health information," an ethics investigation related to the grievance, "appropriate action" against the former supervisor, and assurances that Roiger would not be subjected to "this or any other type of harassment" again. *Id.*

The termination of Roiger's VA employment, and the reasons for the termination, were documented by Medical Center Director Kleinglass in a letter addressed to Roiger dated September 24, 2008. Martin Decl. Ex. D [ECF No. 34 at 10–11]. Regarding the reason for the termination, Kleinglass wrote that he "ha[d] been advised that August [sic] 20, 2008, [Roiger was] referred to the Occupational health [sic] Section for a fitness for duty evaluation by [his] new supervisor. A drug test was completed by chain of custody. A report has been issued that confirms a positive drug test result." *Id.* ¶ 3. Because the positive drug test violated Roiger's last-chance agreement, Kleinglass wrote that Roiger would "be removed from the Federal Service, effective immediately." *Id.* ¶ 5. Kleinglass also wrote: "Via the [last-chance agreement], you have waived all appeals rights related to

5

this action." *Id.* ¶ 6. Roiger acknowledged receipt of the letter by signing it on September 25, 2008. *Id.* at 2.

Roiger's supplemental submission also includes a letter dated October 14, 2008, regarding a "Step I Grievance for Ken Roiger." Martin Decl. Ex. E [ECF No. 34 at 12]. Roiger asserts that this letter responds to a grievance he attempted to file with the assistance of his union after his employment was terminated. Pl.'s Supp. Mem. at 3. The letter was authored by the Minneapolis VA's Director, Human Resources Management Service, Richard Erredge. Martin Decl. Ex. E at 1. In the letter, Erredge described how, as the result of a late-September conversation between a VA representative and a representative of the union, the parties agreed that the grievance originally had been filed with the wrong department within the VA, "Imaging," and would be re-filed with the correct department, the "Business Office." *Id.* ¶ 1. Erredge continued on to explain, however, that the grievance had not been re-filed as agreed and that, as a result, "HR is considering the matter closed." *Id.* ¶ 2.

The remaining three documents Roiger submitted are dated more than nine years after the termination of his employment. The first is a letter to Roiger from a VA Human Resources Officer dated November 27, 2017. Martin Decl. Ex. F [ECF No. 34 at 13]. The letter addressed the status of the VA's response to Roiger's document requests under the Freedom of Information Act, reminded Roiger that he "had previously waived [his] appeal rights per the . . . Last Chance Agreement," acknowledged Roiger's interest in applying for a new position with the VA, and instructed him how to begin that process. *Id.* The remaining two documents are letters responding to Roiger's requests for assistance from

the office of United States Senator Amy Klobuchar. Martin Decl. Ex. G [ECF No. 34 at 14–15].

II

Recall that Roiger asserts two claims under the Rehabilitation Act. He alleges first that his termination was "because of his disability" and second that he was terminated in retaliation for complaining to his union and that his complaints and Defendants' "retaliatory responses . . . were in one way or another connected to or premised on Plaintiff's alcoholism diagnosis." Second Am. Compl. ¶¶ 53, 58, 67–68. Before filing a federal lawsuit alleging a violation of the Rehabilitation Act, a plaintiff must exhaust administrative remedies by filing a charge with the EEOC. *Henke v. Allina Health Sys.*, 698 F. Supp. 2d 1115, 1123 (D. Minn. 2010) (citing *Ballard v. Rubin*, 284 F.3d 957, 964 n.6 (8th Cir. 2002)); *see also Gardner v. Morris*, 752 F.2d 1271, 1278 (8th Cir. 1985). Defendants have introduced evidence showing that Roiger did not exhaust administrative remedies with respect to his Rehabilitation-Act claims. Klitzke Decl. ¶¶ 4–6 [ECF No. 25]. Roiger has neither alleged nor introduced evidence in response to Defendants' motion to show that he exhausted administrative remedies with respect to these claims.

Roiger argues nonetheless that his failure to exhaust administrative remedies does not justify the entry of summary judgment. As briefed, his argument has essentially three parts. First, Roiger argues that his last-chance agreement should be given "full effect . . . including its total prohibition of Roiger's use of any methods of appeal of his termination, administrative, statutory, or otherwise." Pl.'s Supp. Mem. at 7. Second, Roiger argues that the last-chance agreement's prohibition on his "use of any methods of appeal of his

termination" would have rendered administrative action before the EEOC futile. *Id.* at 7–8. That futility, Roiger contends, excuses his failure to exhaust. *Id.* at 8. Third, Roiger argues that, if Defendants were to challenge the validity of the last-chance agreement, that question could be resolved only by a court (and not the EEOC). *Id.* at 8–9. In Roiger's view, the inappropriateness of agency action concerning the validity of the last-chance agreement would trigger the legal-question exception to administrative exhaustion. *Id.* at 9.

Defendants do not challenge the validity of Roiger's last-chance agreement; therefore, whether to enter summary judgment against Roiger's Rehabilitation-Act claims for failure to exhaust administrative remedies turns on whether Roiger's failure may be excused under the futility exception. "An administrative remedy will be deemed futile if there is doubt about whether the agency could grant effective relief." *Bartlett v. U.S. Dep't of Agric.*, 716 F.3d 464, 472–73 (8th Cir. 2013) (quoting *Ace Prop. & Cas. Ins. Co. v. Fed. Crop Ins. Corp.*, 440 F.3d 992, 1000 (8th Cir. 2006)). Roiger argues that his pursuit of administrative remedies would have been futile and the EEOC could not possibly have granted effective relief because "[a]ny attempt to file actions or grievances with the EEOC, the VA, or any other agency or organization that may have the power to address Plaintiff's improper termination are prohibited by the terms of the [last-chance agreement]—a binding and valid contract." Pl.'s Supp. Mem. at 8. In other words, Roiger argues it would have been futile for him to pursue administrative remedies with the EEOC because the last-chance agreement prohibited it.

The last-chance agreement did not prohibit Roiger from filing a charge with the EEOC relative to the factual basis of his Rehabilitation-Act claims. Under the agreement, Roiger "waive[d] any right to appeal via the agency EEO process, and to the EEOC, regarding any issue(s) or incident(s) that occurred on or before the date of this agreement." Martin Decl. Ex. B at 2 ¶ j. The agreement, it follows, did not forbid Roiger from pursuing EEOC administrative remedies regarding issues or incidents occurring after the agreement's effective date. The effective date of the agreement was in late July 2008. *Id.* at 4. The facts Roiger alleges form the basis for his disability-discrimination claim under the Rehabilitation Act include the termination of his employment "with Defendants basing that termination [on] a positive alcohol test that never occurred." Second Am. Compl. ¶ 58. The positive alcohol test that formed the basis for Roiger's termination occurred—Roiger says it was contrived to have occurred—on August 20, 2008. Martin Decl. Ex. D ¶ 3. And Roiger's employment was terminated September 24. *Id.* at 1 & ¶ 5. Though Roiger's complaint is not specific regarding the timing of the facts that form the basis for his disability-connected retaliation claim, Second Am. Compl. ¶¶ 66–68, he focuses in his supplemental brief on "a grievance to the AGFE Local 1969 regarding violations of employee privacy and dignity, which included the incident that eventually gave rise to [his] termination," and describes this grievance as having been made "[s]ubsequent to execution of the [last-chance agreement], but prior to [his] termination." Pl.'s Supp. Mem. at 3. Roiger describes no other grievance that might form the basis for his Rehabilitation-Act claims. These incidents—the assertedly contrived positive alcohol test and his union grievance—that Roiger now alleges form the basis of his Rehabilitation-Act claims

9

occurred in August and September 2008.[3] The last-chance agreement did not prohibit Roiger from pursuing EEOC administrative remedies for "any issue(s) or incident(s)" occurring after the date of the agreement in late July 2008. Martin Decl. Ex. B at 2 ¶ j. Finally, Roiger offers no argument to explain why paragraph (j) of the last-chance agreement does not apply to his Rehabilitation-Act claims when it explicitly addresses appeals "via the agency EEO process, and to the EEOC." *Id*. Paragraph (i), which waives Roiger's rights to appeal to the Merit Systems Protection Board or pursue grievance or arbitration, cannot reasonably be understood to include a waiver of Roiger's EEOC rights. *See id*. at 2 ¶ i. Such an interpretation would conflict with paragraph (j). The agreement, therefore, did not render EEOC administrative remedies futile with respect to these incidents, and Roiger's unexcused failure to exhaust administrative remedies with respect to these claims warrants the entry of summary judgment on his claims under the Rehabilitation Act.[4]

---

[3] Roiger identifies no facts pre-dating the last-chance agreement to support his claims. In particular, he neither defends nor introduces evidence tending to support allegations in his second amended complaint pre-dating the last-chance agreement.

[4] Roiger's claims might appear to implicate several questions that have not been raised. For example, the nine-plus years that passed between Roiger's termination and his commencement of this case suggests a possible limitations issue. Also, apart from the futility and legal-question exceptions to the exhaustion requirement, Roiger does not rely on any other equitable doctrine to save his claims. These and similar questions that have not been raised by a Party cannot practicably be addressed in this decision.

## ORDER

Based upon all of the files, records, and proceedings in the above-captioned matter,
**IT IS HEREBY ORDERED** that:

1. Plaintiff's claims under the Rehabilitation Act (Counts II–III) are **DISMISSED WITH PREJUDICE**; and

2. Having been granted previously and in part with respect to Plaintiff's claim under the Federal Tort Claims Act (Count I) and having been converted to one for summary judgment under Rule 56 with respect to Plaintiff's claims under the Rehabilitation Act (Counts II–III), Defendants' motion to dismiss [ECF No. 21] is **GRANTED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 28, 2019

 s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court